## Louisville & Nashville Railroad Co. v. Commonwealth.

(Decided October 9, 1913).

### Appeal from Nicholas Circuit Court.

Railroads—Operation—Accommodation for Passengers—Offenses in Operation of Railroads.—Where the depot of a railroad together with the privy in connection therewith was destroyed by fire, and the railroad company erected a temporary depot without having been notified so to do by the State Railroad Commission, but failed to provide a privy in connection therewith, within a reasonable time after the erection of the temporary depot, a conviction under Section 772 Kentucky Statutes of the offense of failing to provide such privy, will be sustained.

BENJAMIN D. WARFIELD, EMMET M. DICKSON for appellant.

J. C. DEDMAN, Commonwealth's Attorney, James Garnett, Attorney General and OVERTON S. HOGAN, Assistant Attorney General for appellee.

Opinion of the Court by Judge Hannah—Affirming.

On May 16, 1911, the depot and other structures and outbuildings, including the privy, belonging to appellant, Louisville & Nashville Railroad Company, in Carlisle, Kentucky, were destroyed by fire. Immediately thereafter, appellant commenced making preparations for the construction of a temporary depot, in which to conduct its business at that point, until a permanent building could be planned and constructed; and within a few days thereafter, a building was erected for use as a temporary depot; but not until several weeks thereafter did appellant commence to erect, or erect, a privy in connection

therewith, as required by section 772, Kentucky Statutes; and for such failure to provide a privy at said depot, the grand jury of Nicholas County at the February term 1912 of the Nicholas Circuit Court, returned an indictment against appellant charging it with such failure Under that indictment appellant was tried, convicted and fined the sum of $100 and from a judgment thereon it appeals. Carlisle is a city of the fifth class, and appellant had established and maintained throughout the year, for five consecutive years next before May 16, 1911, a passenger station at that point.

It is not contended by appellant that the law did not require it to provide a privy, or water closet, at its depot in said city; but it is argued that as its depot and privy were on said May 16, 1911, destroyed by fire, appellant was not required to rebuild its depot at said station, or the privy in connection therewith, until ninety days after receiving notice so to do, from the State Railroad Commission, as provided in section 772, Kentucky Statutes; and that such notice was not given; and, therefore, appellant was not in default in respect to the erection of the depot; and by implication (the privy being, as claimed by appellant, part of the depot), that it is not liable for failure to erect the privy.

It appears, however, from the evidence that appellant had erected a temporary depot, but did not at the same time erect a privy; also that it commenced to prepare for the erection of a permanent depot; and that it was using and did use reasonable diligence to reconstruct said depot. There was, therefore, no necessity for the notice to be given by the State Railroad Commission. The object of that part of section 772, Kentucky Statutes, relative to notice by the railroad commission, was to prevent the abandonment by the railroad company of a station which it "has maintained throughout the year for five consecutive years;" and to require the railroad company to reconstruct its depot at such point, in case of its destruction by fire. The voluntary act of appellant in doing that which the statute required it to do, avoided the necessity for any such notice. It is shown by the evidence and conceded by appellant, that it immediately erected a depot. Temporary in its nature though it was, still it was a depot; and as the language of the act required it to provide a water closet or privy at its depot in said city, we are of the opinion that in contemplation

of the statute appellant was required to provide such water closet or privy at such depot.

The offense for which appellant was convicted consists in the failure for any length of time to provide a privy when it, during the time of such failure, maintains a depot. It is not necessary in this case to consider whether the privy which it did finally erect was of the kind or was maintained in the manner required by the statute. It failed for several weeks to have one, and the statute makes no provision for such failure.

The question as to whether or not this statute was violated was fairly presented to the jury by the instructions and they found against appellant. In fact the instructions of the court were more favorable to appellant than it was entitled to. They required the jury to believe beyond a reasonable doubt that appellant failed to "exercise reasonable diligence" to provide a privy "within a reasonable time" when the statute makes no provision for reasonable diligence or reasonable time.

It may be considered a hardship on appellant to punish it for this omission while it was endeavoring to give to the city better buildings than it had before the fire, but with this we are not concerned. Criminal statutes were expected to be and should be obeyed, and where no excuse for the violation is provided for in the statute, none should be taken.

Judgment affirmed.